The opinion of the court (Huston, J. dissenting,) was delivered by
Gibson, C. J.
As against the mortgagor, the defendant below
would undoubtedly he entitled to his whole debt. The sum at which it was fixed in the mortgage, is due at law; and chancery would’relieve, from it,' only on doing complete justice by payment of whatever was received on'the credit of the mortgage without regard to date.. “ It is only where the rights of third persons are prejudiced by want of notice,” says Chancellor Kent, in James v. Johnston, (6 Johns. Ch. 429,) “that the extension of the security isprevented.” .And again, in Br inker ho ff v. Marvin, (5 Johns. Ch. 327,) “The limitation to this doctrine, I should think, would be, that when a subsequent judgment or mortgage intervened, further advances after that period, would not be covered.” And in Lyle v. Ducomb, (5 Binn. 585,) Chief Justice Tilghman maintains the. converse of the proposition, saying, that third persons,, who cannot be prejudiced, have nothing to do with the transactions Between the mortgagor' and mortgagee. Let us see, then, whether the plaintiff has.an equity distinct from that of the mortgagor, and superiqr to that of the defendant; for if it be only equal, the law must prevail.
The case is exactly th.is. To secure pre-existing debts, the debtor executes a mortgage to three creditors, who are not only absent, but ignorant of the whole transaction. The sum .secured is eight thousand dollars, to be paid in the proportion of two thousand dollars to the last named mortgagee, and to the first and second three thousand dollars each. At the date of the mortgage, the second and third had advanced the amount of their respective claims, but the first had not: he has since, however,'made up, the deficiency by further advances. The fund derived from the mortgaged premises falls short; and the question is, whether the first named mortgagee is entitled to participate in proportion to the sum ostensibly due to him by the mortgage, or only in proportion to his advances at the date of it.
It is not disputed, that the mortgagor might have covered further advances, by a stipulation inserted in the mortgage. But it is said, the omission of it was a fraud on the second and third named creditors, who are supposed to stand in the, relation of subsequent mortgagees. It is perfectly clear from the cases, that the office of such a stipulation is to give notice to third persons: consequently, no one can derive an equity from the absence of it but he who has been prejudiced by the want of it. In the first place, then, Mrs. Tabb, under whom the plaintiff claims, was not a subsequent morí» *423 gagee, but the owner of an interest in common with the others, dan under the very same title. In the second, she did not become a party in consequence of being ignorant of any fact that lay.more within the knowledge of the defendant than of her; for all were profoundly ignorant of the whole transaction. ■ And in the third, she did not advance a shilling on the credit of the security; or give further time, or deliver up any preceding evidence of the debt. In Petrie v. Clarke, (11 Serg. & Rawle, 377,) it was held, that although the taking of a new security in discharge of the old debt, be a valuable consideration, the acceptance of a pledge unaccompanied with a stipulation for further time, is not. It is not easy to see, then, how she can have been prejudiced. - It has been said, she would perhaps have refused to become a party to. the mortgage, had she known it was intended to be a security for any thing that was not originally due. But the plaintiff may renounce the transaction now, and restore himself to the very Situation in which Mrs. Tabb would have been, had she renounced it then. The mortgage was not offered to her on terms of giving further time, or cancelling any previous security, or doing any other act-: it was purely gratuitous, and left her the right to pursue her claim as if it had never existed. She cannot have been defrauded by a transaction in which no right of hers was touched, nor any thing done but to benefit her. She, therefore, could derive no equity from want of notice, that can give the plaintiff a preference as a mortgagee.
But it is said, she may have been prevented from pursuing on her old security, by seeing the land apparently protected by this mortgage. That present’s considerations Which are-,distinct from those that arise out of’ her character of mortgagee.- It must, perhaps, be conceded, that a mortgage to secure future advances, which does not contain notice of the agreement, is void against creditors generally, because the land is apparently covered for more than it actually owes, and pursuit might thus be eluded, when a knowledge of the true state of the facts would invigorate exertion, -and render success certain. Had the plaintiff claimed as a'general creditor, the mortgage might not have entitled the others to a preference But, so far is he from having treated it as fraudulent, that he has elected to.claim under, it. Now, there is no-rule of equity more universal in its-application, or more just in its consequences, than that a party shall not claim in repugnant rights, and that, he who takes the benefit shall also bear the burden. It would be an affectation of learning to cite authorities for this. The books are full of cases which show, that a party shall not contest the validity of an instrument from which he draws a benefit,' or affirm it iu part and disaffirm it in part. Here the plaintiff, or Mrs. Tabb, under whom he claims, might -have repudiated the whole transaction, and stood on her former rights; but, claiming to participate 'in the benefit, she can be admitted only on the terms prescribed by ■the mortgagor-: and the only subject of inquiry is as -to the nature *424 and extent of those terms. Ele had been in tlje practice of receiving periodical remittances from the defendant, which were continued for a considerable time after the execution of the mortgage; so that it cannot be doubted, that the. debt specified in the mortgage vvas put at a sum beyond the amount of the advances then made, with a particular view to future remittances. Nor can it be believed, that the ■ mortgagor would have preferred Mrs. Tabb at the expénse of the general creditors, on any other terms than having her assent to the mortgage as a security for those remittances; and to withhold that assent now, would be a fraud on him. , As against himself, and all others standing in his place, his right to make whatever disposition he pleased, will hardly be contested. In the creation of a trüst, 6r other security, a debtor, not in failing circumstances, may give a preference even to a gift. Here it seems the mortgagor was, in fact, in failing circumstances, but as no gift was intended, there can be no presumption of fraud on that ground. But if there were, the plaintiff having made himself a party to the instrument, and claiming under the mortgagor, would be estopped from alleging it.' It seems, therefore, the court erred in charging, ■that the defendant was not entitled to retain in proportion to the sum specified in thé mortgage.
Judgment reversed, and a venire facias de ndvo awarded.